UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEVIN RAZZOLI,

                        Petitioner,                        **MEMORANDUM & ORDER**
                                                                                          10-CV-1842 (CBA)

               -against-

US PAROLE COMMISSION; HARLEY LAPIN,
DIR. BOP; ATTORNEY GENERAL UNITED
STATES; SECRETARY US NAVY; CITY OF
NEW YORK; US MARSHALS EXECUTIVE
OFFICE; JOINT FEDERAL & STATE
FUGITIVE TASK FORCE; UNKNOWN US
GOV'T AGENCIES & CONTRACTORS,

                        Respondents.
-----------------------------------------------------------X
AMON, United States District Judge:

      Petitioner, Kevin Razzoli, presently incarcerated at the Metropolitan Detention Center, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Petitioner is granted sixty (60) days from the date of this order to submit an amended petition as detailed below.

## BACKGROUND

      Petitioner is a prolific litigator both in this Court and other District Courts. He was convicted of attempted murder and related charges following a Navy court martial and sentenced to a twenty-five (25) year term of imprisonment in 1987. See Razzoli v. U.S. Navy, 248 Fed. Appx. 473 (3d Cir. 2007). He was subsequently transferred into the custody of the Federal Bureau of Prisons (BOP). Petitioner has been granted parole on multiple occasions, but has repeatedly had his parole revoked. Accordingly, a brief overview of petitioner's litigation history with this Court is instructive.

Petitioner was first released to parole supervision in April 2001, but was arrested for a parole violation in December 17, 2001. See Razzoli v. FCI Allenwood, No. 04-CV-2495, 2006 WL 89215 (M.D. Pa. Jan. 11, 2006). Petitioner remained incarcerated for the next nine months, during which time he filed a Bivens action, Razzoli v. U.S. Parole Commission, Docket No. 02-CV-1346, which was subsequently dismissed, and a petition for a Writ of Habeas Corpus, Razzoli v. U.S. Parole Commission, Docket No. 02-CV-2782, which was dismissed as moot following petitioner's September 2002 release from custody.

Petitioner was arrested again on April 25, 2003. This arrest is the subject of Razzoli v. U.S. Parole Commission, Docket No. 03-CV-4915, a civil action pursuant to 42 U.S.C. § 1983 which alleged, *inter alia*, false arrest and a failure to protect plaintiff against another inmate's assault. By order dated June 15, 2004, petitioner's claim was dismissed. Id.

On May 27, 2003, he petitioned this Court for a Writ of Habeas Corpus, Razzoli v. U.S. Parole Commission, Docket No. 03-CV-2656, in which he challenged the validity of his April 25, 2003 arrest. That petition was dismissed and the Court of Appeals for the Second Circuit held that the petition challenging the parole revocation became moot when petitioner was released from custody. Razzoli v. U.S. Parole Commission, 116 Fed.Appx. 292 (2004).

In Razzoli v. Federal Bureau of Prisons, Docket No. 03-CV-5434, petitioner brought a claim for a violation of his Rights under the Privacy Act, 5 U.S.C. § 552(a) *et seq.*, as it related to his parole revocation in October 2003. By order dated September 26, 2006, defendant's motion for summary judgment was granted and the case was dismissed. See Razzoli v. Federal Bureau of Prisons, No. 03-CV-5434(CBA), 2006 WL 2795114 (E.D.N.Y. Sept. 26, 2006). In Razzoli v. Zenk et al., Docket No. 04-CV-1269, petitioner filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, in which he asserted he was taken into custody on February 4, 2004 without a parole warrant. By order dated July 9, 2004, that petition was denied. See id.

On January 28, 2010, the Parole Commission issued a warrant charging petitioner with violating the conditions of his parole. Petitioner was returned to custody on March 4, 2010. Petitioner subsequently filed the instant habeas petition pursuant to 28 U.S.C. § 2241. Razzoli v. US Parole Commission, et al., No. 10-CV-1842 (CBA).[1] Here, petitioner challenges his parole revocation on due process grounds and demands that the Court hold a "Franks Hearing."[2]

In addition, petitioner makes a series of fanciful allegations. Specifically, he alleges that a former Eastern District Assistant United States Attorney ("AUSA") instructed informants to commit murder. Petition at 5. Petitioner further alleges that the same AUSA, used "thermal gamma imagery surveillance to commit ethnic genocide & religious genocide." See Petitioner's Certificate of Service, annexed to Petition.[3] Petitioner seeks his immediate release from incarceration.

---

[1] Petitioner has also filed a *pro se* Civil Rights Complaint, ostensibly as a "class action" on behalf of himself, five other named plaintiffs, and "known + unknown fed. + military inmates et al," Razzoli v. Executive Office of U.S. Marshalls, et al., 10-CV-4269 (CBA), and two additional habeas petitions apparently challenging the conditions of his confinement. Razzoli v. U.S. Marshals Service, et al., 10-CV-4802 (CBA); Razzoli v. U.S. Marshals Service, et al., 10-CV-4902.

[2] Petitioner also cites numerous additional Constitutional Amendments, but never state how they would apply in his case.

[3] Petitioner's claims regarding the AUSA are delusional and devoid of merit. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them."); see also Razzoli v. United States Navy et al., No. 09 Civ. 4323, 2010 WL 1438999, at *3 (S.D.N.Y. Apr. 12, 2010) (finding *inter alia,* that petitioner's allegations that the government used thermal gamma imagery to sterilize him are frivolous).

DISCUSSION

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment applies to the revocation of parole. See e.g., Morrissey v. Brewer, 408 U.S. 471, 481-82 (1972); see also Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 9 (1979). However, the Supreme Court has also recognized that those in parole revocation proceedings are not entitled to "the full panoply of rights" that they are accorded in a criminal prosecution. Morrissey, 408 U.S. at 480 (citing Mempa v. Rhay, 389 U.S. 128 (1967)). Rather, given that there is an "overwhelming" interest in being able to return parole violators to prison "without the burden of a new adversary criminal trial," the Due Process Clause requires merely that an "informal hearing" be held "to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Id. at 483-84.

In Morrissey, the Supreme Court established that in the context of parole revocation hearings, due process requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 488-89. Petitioner has, however, stated no facts regarding what procedural process he did or did not receive.[4]

---

[4] To the extent petitioner's request for a Franks hearing, described below, is construed as an allegation that he did not receive a Franks hearing in the course of his parole revocation,

4

In addition to stating a claim under the due process clause, petitioner demands a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Franks requires, under certain circumstances, that where a criminal defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the trust, was included in a search warrant affidavit, the Fourth Amendment may require that a hearing be held. Id. at 171-72. Such hearings are normally held in the course of a criminal trial for the suppression of evidence. See, e.g., United States v. Falso, 544 F.3d 110, 115 (2d Cir. 2008). There is no authority to suggest such hearings are appropriate as a form of retrospective relief requested in a habeas petition. The Court, therefore, denies Petitioner's request for a Franks hearing at this point in time.

## LEAVE TO AMEND

Here, to the extent that petitioner seeks to make a due process argument, he fails to state what procedural process he did or did not receive. In light of petitioner's *pro se* status, the Court grants him sixty (60) days leave from the entry of this order to file an amended petition. Should petitioner file an amended petition, he shall set forth detailed information including the date of his preliminary parole revocation hearing, and the dates of any other hearings pertaining to his parole revocation. Petitioner may attach, if available, any documents related to his parole revocation, to his amended petition.

---

petitioner provides no facts suggesting that a Franks hearing was appropriate. To merit a Franks hearing, "[t]he defendant must make a substantial preliminary showing that the affidavit included a false statement which was made either knowingly and intentionally or with reckless disregard for the truth, and that this misstatement was necessary to the finding of probable cause." United States v. Materas, 483 F.3d 27, 31 (1st Cir. 2007); see also Franks v. Delaware, 438 U.S. 154, 171-72 (1978). Here, the only allegations asserted by the petitioner suggest that the affiant lied to cover up a fanciful conspiracy, already described, involving allegations that a former Eastern District Assistant United States Attorney ("AUSA") instructed informants to commit murder and that the same AUSA, used "thermal gamma imagery surveillance to commit ethnic genocide & religious genocide." Such allegations would not make a substantial preliminary showing that the statements contained in the warrant application were false.

5

The amended petition must be captioned as an "Amended Petition" and bear the same docket number as this order. All further proceedings shall be stayed for 30 days. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed. This Court certifies pursuant to 28 U.S.C. §1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol B. Amon

_____
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
November 3, 2010

5