UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN RAZZOLI,

                        Petitioner,

             -against-

US PAROLE COMMISSION; HARLEY LAPIN,
DIR. BOP; ATTORNEY GENERAL UNITED
STATES; SECRETARY US NAVY; CITY OF
NEW YORK; US MARSHALS EXECUTIVE
OFFICE; JOINT FEDERAL & STATE
FUGITIVE TASK FORCE; UNKNOWN US
GOV'T AGENCIES & CONTRACTORS,

                       Respondents.
------------------------------------------------------------X

NOT FOR PUBLICATION
ORDER
10-CV-1842 (CBA)

AMON, United States District Judge:

On November 10, 2010, petitioner Kevin Razzoli ("petitioner" or "Razzoli") submitted a document with the heading: "'Letter for Time Extention [sic]' + Appointment of Counsel 18 U.S.C. § 3006A, with Hearing." The document also requests that the Court recuse itself, arguing that the Court "condoned BOP to inflict injuries which BOP admitts [sic] happened and Razzoli contest [sic]." Subsequently, on November 22, 2010, petitioner filed a letter with the Court titled "Supplimental [sic] Amendment with Supporting Case Law for Recusal 28 U.S.C. § 455." The letter states that, "<u>Boumediene-v-Bush 171 Led 2d 41 (2007)</u> support [sic] 'proof' beyond doubt you are 'biase' [sic] and must 'Recuse' yourself for violating Congressional law policy."

Because petitioner's recusal motion challenges the Court's ability to fairly consider his petition and other motions, recusal will be addressed first. Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Specific reasons for recusal are delineated in 28 U.S.C. § 455(b), and include, "a personal bias or prejudice

concerning a party." 28 U.S.C. § 455(b)(1). In determining whether recusal is warranted, the test of impartiality is "what a reasonable person, knowing and understanding all the facts and circumstances, would believe." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1309 (2d Cir. 1988). It is well-settled, however, that a judge has "an affirmative duty . . . not to disqualify [herself] unnecessarily." National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978).

Here, the Court finds no reason to recuse. The only basis for recusal petitioner seems to assert is that the relief he seeks has not been granted at this time. Failure to grant the relief sought is not an adequate ground for recusal. See Litkey v. United States, 510 U.S. 540, 555 (1994) (denying petitioner's motion for recusal based on prior adverse ruling); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999) (denying petitioner's motion for recusal). As the Court finds no reasonable basis for questioning its impartiality, the Court declines to recuse.

Turning next to Razzoli's apparent request for an extension, in a November 3, 2010 order, the Court found that as presently constituted the petition fails to state a claim. The Court, however, granted Razzoli 60 days to file an amended petition. In his November 10, 2010 letter, petitioner fails to explain why an extension is merited or even the length of extension he seeks. Accordingly, should petitioner in fact seek an extension of his time to file an amended petition, he is directed to notify the Court of the basis for any extension and the length of time he requires to submit his amended petition.

Finally, with respect to petitioner's request for the appointment of counsel, the Court denies petitioner's motion. There is no constitutional right to representation by counsel in habeas proceedings. Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). A court may exercise its

discretion, however, to appoint counsel where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The standard for the appointment of counsel in civil cases, including habeas corpus proceedings, is set forth in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The threshold inquiry is whether the plaintiff's position appears to have some chance of success. See Hodge, 802 F.2d at 60-61; see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Only then should the court consider other criteria. See Hodge, 802 F.2d at 61-62. The other factors include:

> plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.

Cooper, 877 F.2d at 172.

Here, the Court finds that petitioner has failed to demonstrate that his claims have some likelihood of merit. Indeed, the Court has already concluded that Razzoli's petition fails to adequately state a claim and has granted Razzoli 60 days to file an amended petition. Accordingly, petitioner's motion for the appointment of counsel is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 2, 2010

/S/

Carol Bagley Amon
United States District Judge